and all appellants. Mr. Morrissey, the appellants. Mr. Summons, the appellant. Mr. Summons, the appellant. Mr. Summons, the appellant. Mr. Summons, the appellant. Mr. Summons, the appellant. Mr. Summons, the appellant. Mr. Norman, this case is Headline to Headline Headline to Headline to Headline to Headline to Headline to Headline to Headline to Headline  to Headline to Headline to Headline to Headline to May permit the secretary to conclude that it had discretion to enact this promulgate this rule If you're relying then on just this reference to Medicaid payments The Sixth Circuit correctly concluded that the fact that certain payments must be netted out Doesn't mean that other payments cannot be Congress was imposing a limitation on the secretary's otherwise broad Authority to determine the meaning of costs incurred Sixth Circuit is not binding upon of course not. No One vote and judge Ethridge wrote a pretty Ethledge wrote a pretty eloquent opinion didn't he and then in DeSantis We of course disagree with the judge capital should be and we might disagree with him or we might disagree with the other Sixth Circuit did it doesn't mean we have to So the line you quote from the Sixth Circuit is exactly what judge Santel is trying to Get you to explain to us. Yes Congress is concerned about federal money what's going to happen to it, etc. So what are the limits on the secretary's discretion on your view? Well, it certainly has I mean it has to be a reasonable and needs to comport with the the Structure of the statute has long private insurance All right. So the hospital buys something else. It's a good investment It makes a profit on its investment Can the secretary deduct that? this would need to relate to costs incurred of Furnishing hospital services. And so if there's a payment somebody leads a bequest to the hospital All right says I love the work you're doing. I want to see more uninsured and Low income people receiving quality services been providing provided. So here's a billion dollars The secretary deduct them That typically I don't think we see those sorts of Yes being given for him. I'm sorry. Well, but specifically if it specifically being earmarked for inpatient and outpatient hospital services to these patients, you would think so there are types of services that are Eligible Dangerous word I understand eligible to be determined as reimbursable costs Band-aids are laser equipment isn't the secretary makes those decisions and that's within the secretary's discretion But then judge Santel was exploring with you Congress has said you must This and you say but it doesn't mean we can't deduct anything else we want to Payments that are for inpatient and outpatient hospital services provided to Medicaid patients Directly compensate hospitals for their gross costs of treating those patients coming back to that But the bequest is just like insurance. I mean the hospital gets money Coverage So I'm just trying to understand what is the limit of the secretary's authority? So your view is that Congress would have had to say You may deduct this and only this That would certainly be Certainly for close the secretary's court as you know has lots of opinions that say An agency can't assume It has Delegation Correct, and the agency here is relying on the express delegation of authority from Congress to determine Costs incurred a term that this court and others have explained in other context can reflect reimbursements or compensation from others from sources and This court said that in Dana-Farber The calculation, I'm sorry Different case Medicare context the statute was costs actually incurred That shows that costing hard work. I'm sorry. Do you think Congress was unaware of this? If we assume Congress is aware of this body of case law Then shouldn't we expect Congress say net of those payments if Congress meant for them to be made it up? No, your honor and Congress could have done that but it the fact that it does not since they did this Wouldn't it have been reasonable for them to have done that if they wanted other things committed out as well It could have done that the fact that it did not does not unambiguously foreclose the secretary and I'd like to make Four points why the expressio unius canon should not apply here in addition to the express delegation of authority This is one category of Medicaid pain of payments for Medicaid patients It's the most natural source of payment for Medicaid patients and Congress wanted to make sure that those payments Were at a minimum deducted in calculating a Medicaid short at a minimum at a minimum and number two You're saying that Congress also titled the calculation Uncompensated costs and it's not just in the heading. It's also in paragraph J 2 Congress later required states to certify that only the uncompensated care costs would be included in this calculation It also the second sentence of paragraph the provision that we've been looking at speaks about state and local payments for Indigent patients and says that those shall not be treated as a source of third-party payment showing that Congress presumed that the secretary may be accounting for other types of third-party payments and in addition the canon is as very would be completely sorry the purpose of The dish payment program would be completely undermined by applying the expresso genius canon in this context and Courts have recognized that you should not apply the canon in that situation If I could give an example of two hypothetical hospitals to help illustrate the consequences of the district courts approach Hospital hypothetical hospital a treats only privately insured Medicaid patients spends a million dollars on treating them and is Reimbursed 1 million dollars. So it has been fully compensated and suffered. No shortfall Meanwhile hospital B treats Medicaid only patients and it is reimbursed at a lower rate So it gets only six hundred thousand dollars for those same expenses now hospital B Unlike hospital a has suffered a shortfall and you would think that it would be the hospital that would be For more supplemental payments, but the district court held the Congress unambiguously required the opposite result That means hospital a is entitled to more dish funding and can effectively be paid twice Even though hospital B is the one that suffered a shortfall The final rule is not aiming to get more money back for the federal government It's about making sure that these limited funds go to the right hospitals Let me ask you the secretary used to have a different view, correct No, your honor. Um Courts have held that the secretary's of you as a terry's view has evolved in the No, the secretary's consistently All of you Private insurance has always had the view that these should be deducted. Some courts have had always deducted private insurance Has always required has always viewed the statute as requiring that yes, and has the secretary always deducted private insurance The secretary is not doing the deducting It's the state's but it's I mean the secretary has required these payments to be deducted What your might be referring to is in the final rule play words games with me, but I'd like my question answered Okay To the extent the secretary's doing doing any deducting then yes, it has always Deducted these they've always required states Yes, clue private insurance as a deduction Yes, that was set forth in the preamble to the 2008 rule now and later in the 2010 in the FAQs and courts held that that policy needed to be Promulgated through notice and comments and that's what the secretary did here but that doesn't mean the secretary's the litigation was because the secretary had that view and And hospitals challenged it. So the secretary has now promulgated that That final FAQ 33, right? Yes for yes. All right. When was that? 2010 your honor. All right, what happened before that? Before that and hospitals were not being we're not deducting this. Is that correct? Because the states weren't requiring it We don't know exactly what was happening 2014 was the first year when audits were submitted for the 2011 services state plan year that we That actually had financial consequences for the hospitals. So that's when we started seeing the litigation and You can see in the comments to the 2008 rule Commenters thought some said that Medicaid eligible patients that Had additional insurance like like Medicare just shouldn't be counted at all in the calculation and they said If there's no if there's been no payment by Medicaid, then you should just exclude that patient completely So do you agree that these hospitals? The case they bring we are not dealing with some of the Concerns that the secretary previously had about how this money Was being doled out by the states. Is that right? No, and you might be referring to the legislative history where Congress identified a couple of concerns Yeah, and so those particular concerns are not as far as I know present here, right? But Congress enacted a much broader Given a lot of data Financial data about the bottom line of these hospitals. Is that all incorrect? It it's based on the wrong numbers as based on inflated numbers the the inflated costs there these Plaintiffs have referred to actual costs and they've recognized that those are different from the costs that are considered in this calculation Are not what Medicare also cost of providing inpatient and outpatient hospital services? That's what the calculation considers for all hospitals across the board. So that's an inflated cost So if you need to understand what the flaw is in all this Fiscal data that the court has been given from the secretary's point of view If you're going to go beyond those costs that are considered in the statute such as considering ancillary services Research things that aren't inpatient and outpatient hospital services Then you couldn't increase you can inflate the actual costs and it might look like there's been a shortfall If you look at the actual costs and you look at them for the right patients some of the plaintiffs also, I believe have tried to separate out the costs and give a number for the costs of treating Medicaid only patients and Emphasize that shortfall and then treat the costs of treating Medicaid eligible patients that have additional insurance as some kind of Separate cost but the statute considers all of this in the aggregate and an overpayment for one type of patient For a Medicaid patient who has insurance And a Medicaid only patient or an uninsured patient at the end of the day Congress required a total number Uncompensated costs for all of those patients. So a surplus from one category of patients is used to Compensate for maybe a deficit with respect to treating another set of patients So if I'm a hospital that now Spends money on private insurance Why should I continue to do so because if I don't have that insurance would I get a higher? federal reimbursement Well, I'm sorry if you're a hospital that is One of the institutions currently before us And they buy private insurance And the state is requiring them Secretary is requiring the state to be sure that they deduct that private insurance. I Understand my question. I think I'm a hospital. I'm trying to figure out my bottom dollar if I don't pay for insurance But I'm sorry, the hospital is not actually paying for the insurance Yeah, what you're dealing with is the patient insurance that the patient has not what the hospital has. So what what do they do with that insurance? Is there any way they can Get a higher federal Medicare Medicaid reimbursement. That's what I'm trying to understand. Some of the patients are paying some of the patients have insurance Other patients don't. Other patients still are eligible because of the nature of the condition they have. If So if a hospital if a patient is has private insurance only they're not considered in this calculation because they're not Medicaid eligible If they do have met if they are Medicaid eligible, then any compensation Received it might be private insurance. It might be Medicaid might be Medicare is Counted as compensation in this calculation of uncompensated costs. And so if a hospital is receiving Net third-party private insurance payments that are going to exceed its relevant costs here then those need to be accounted for and the final rule recognizes that in that situation if a hospital has a net gain from treating a patient then that's Compensation significant compensation and the hospital doesn't have a need for supplemental payments to fill any type of gap Well, what I'm thinking of is some real experience Where hospitals don't want to treat low-income uninsured people All right, and what I'm trying to understand in those circumstances Are those hospitals therefore Because they're not getting this insurance Getting a higher federal Medicaid reimbursement. I Details make the difference but just as a general theoretical, you don't know your honor. I believe there may be some other restrictions on hospitals refusing to treat certain patients Well, it happens all the time. But the the amicus points to and maybe you're thinking of they say that Hospitals might have not be incentivized to help patients enroll in private insurance if they are hospitals refuse to treat uninsured people Period They will deny it but the facts are there So I'm just trying to understand Does that put them in a better position? Otherwise, why are they doing it? Not sure I don't think the hospital at the outset is Assuming it could do that. I don't think at the outset is going to know whether the patient has, you know, Medicaid only or Private insurance is and it's going to be making Calculations at that level of detail. I mean you saw it when you come in the front door. You have to tell them Do you have insurance? No, sorry We don't have any room for you I mean all hospitals are getting Medicaid is generally paying at a lower rate for Medicaid patients so in theory all hospitals could have an incentive as you as you've described But hospitals are treating Medicaid patients and Congress and and Congress in addition to regular Medicaid payments set up this program so that hospitals could get a supplemental payment to help meet the cost because it did recognize that hospitals that treat a disproportionate share of Medicaid and uninsured patients do tend to suffer a shortfall and It wanted to help hospitals meet that gap to fill that shortfall So you understand my question, don't you that if I'm a hospital and I decide I'm going to treat more uninsured people Do I get a higher Medicaid Medicaid reimbursement If you decide that you're not going to treat uninsured Like that. I do not want to receive insurance That I am going to you're going to only treat uninsured people, right I mean the hospital would have to weigh I can't say how much the hospital gets it from how the system works because in Various communities around the country we have this problem All right, where hospitals refused to serve uninsured people And I'm assuming that I just thought as we were talking whether I'm right about this that there's no incentive there from your federal reimbursement The well this you may not know all right. Yeah, I guess I'm sorry. No, I'm not trying to put you on the spot But I just I I mean, I do know that supplemental payments will help fill whatever gap there is If the hospital I mean not it's not guaranteed But they're these the federal government makes this finite pool of funds available to each state to share among hospitals in the state to help them meet whatever their uncompensated costs are and this final rule is simply trying to ensure that the funds are distributed to the hospitals that actually have uncompensated costs and that accounts for Compensation by private insurance and Medicare that are real and significant Compensation there really are hospitals that under the final rule have uncompensated costs and would be eligible To receive more funds under the final under the final rule I ask you a question about g1a which is what we're talking about. I thought The first sentence was clear In that the parenthetical as determined by the secretary is one condition in determining costs incurred The second is that it must be net of two types of payments Medicaid and whatever the indigent patient can pay himself Now would you agree? That the secretary in his discretion could not go counter to the lopping off the Medicaid and indigent payment yes Patient payments yes, okay And I thought Actually, I thought with the second condition was that is the net of those two pay types of payments sets afloat and does not bind the secretary from Lopping off other payments, but then you get to that second sentence mm-hmm and That is Got to be one of the most garbled sentences because it begins with Source of third-party coverage and switches to source of third-party payment And but I guess my question is this the whole intent was to stop the double-dipping For lack of a better phrase yes this second sentence it seems to me Does allow a certain amount of double-dipping if I'm reading it correctly that is that when a hospital says Okay for my costs incurred I cannot include medic Medicaid I cannot include what the indigent pays himself under the rule. I cannot include Medicare or Private third-party insurance But I can I don't have to lop off What a state or local government has paid and why why is that double-dipping allowed or am I reading? No, that's a good question Judge Henderson. That's that's correct, and there Congress I think made a made an exception and And that was to avoid disincentivizing state and local governments from making these sorts of payments which really look a lot like a Dish payment and there is a state component to the dish payment so to not just incentivize state and local governments for making those those sorts of payments and it's not going to count against the hospital if If the state has decided to make those payments all right, and then How does that? The state's administer the Medicaid so let's take a State that also pays makes payments for indigent care Separate and apart from Medicaid is that what this second sentence is? Directed at yes, that's mine, and that's just from state taxes I'm sorry state taxes. I don't know if it would be a tax or yeah, what it could Be some sort of payment that the state's making Do you know whether a state has some a state government itself or a local government itself has some sort of insurance That provides it must be tax-based I Don't know okay Would you also agree with me then that in his discretion the secretary could not decide No, we're going to count state and local government payments When we're when I'm determining the cost incurred yes That's a limitation on the secretary's authority and shows that Congress thought that the secretary would deduct other types of third-party payments So that's why it needed to specify that those particular state and local payments should should not be deducted Well it it seems to make sense to me if the whole thing was to make sure They make hospitals whole as much as possible, but not Allow the double-dipping That's exactly what the final rule is it's trying to do All right Good morning, and thank you your honors. I'm David Salmons on behalf of the Children's Hospitals Congress has provided a clear formula in subsection g1a built around three distinct and unambiguous statutory concepts Costs which has the ordinary meaning of outlays or liability for an expense payments which means Amounts received and net which is what's left over after you net out the designated payments from the cost Congress gave the secretary discretion only to determine the allowable costs for the first component of that formula Congress itself specified the rest of the formula The secretary must take the allowable costs and Then net out two sets of payments those for Medicaid and those from uninsured Patients the remainder is the hospital's uncompensated costs which caps the dish payment so for Medicaid for the Medicaid portion of this calculation judge Henderson Uncompensated means Uncompensated by the Medicaid program So Medicaid costs are uncompensated under the specific formula Congress provided to the extent they exceed Medicaid payments Nothing in the text permits the secretary to change the formula by adding another category of payment that must be netted out the complete lack of reference to third party Payments and netting of those payments is not mere silence or a gap that the secretary can fill in Congress intended the omission We know for a fact that Congress was aware of third party payments Since it expressly excluded patients with third party coverage from the uninsured portion of the calculation It defines obviously uninsured to mean there are no third party payments That's the sentence that you were referencing judge Henderson and The sentence that follows for purposes of the preceding sentence payments to a hospital for services provided to injured patients Made by a state or unit of local government within the state shall not be considered to be a source of third party payment The third party payment is a reference to the uninsured portion of the calculation only that's the only portion where third party coverage is relevant and Contrary to the suggestion made By my colleague on the other side. The indigent patient category is a subset of uninsured So if you have if you're Medicaid eligible You are not an indigent patient for purposes of the dish calculation or otherwise because you have 30 of insurance Medicaid is a form of insurance It's only if you're both uninsured and indigent that these state and local programs come in so it doesn't affect the Medicaid Shortfall or the Medicaid calculation of this program, but what Congress again just to recap specifically excludes patients with third-party coverage from the uninsured portion and With regard to the Medicaid portion. This is what Congress says. It says you have to base the calculation on Patients all patients that are Medicaid eligible Now that is very important and we think the government Doesn't give it the Justice it requires Medicaid eligible all patients that are Medicaid eligible Congress could have said it's that it's based on patients that receive Medicaid benefits What's the difference? I read eligible for medical assistance under the state plan. Is that what you're exactly right? that means Medicaid eligible and it's exactly the same way your honor that the Qualification to become a disproportionate share hospital in the first instance is provided for in subsection B and it's based on Medicaid eligibility the government agrees with that. That's actually the Textual justification they have at the end of their analysis to include private insurance payments for things that are not even Within the allowable costs for Medicaid So that this program works from their perspective only because they are there's this tremendous mismatch mismatch, excuse me in their regulation between the costs for serving Medicaid eligible patients which are limited to allowable costs and Then the payments that are come that they say they can incorporate into that from third-party insurers Which cover services that aren't covered by Medicaid and it rates far higher than Medicaid And that is just a grab of private resources to supplement the Medicaid program that Congress clearly did not intend So, let me go back your honors to this concept of Medicaid eligible Congress directs that the dish cap the this limit on the dish payment That the limit is set with regard to Medicaid based on all patients that are Medicaid eligible Congress knows that it could have said receive Medicaid benefits and the difference between patients that are Medicaid eligible But don't receive Medicaid benefits are Specifically patients with third-party coverage because it's unlawful For a hospital to bill Medicaid if there's a third-party payer So Congress made a specific and intentional choice to base this calculation on All patients that are Medicaid eligible even those that have private insurance coverage and and so For the government to come back down and say well as part of our discretion to determine costs We're going to back out those costs and then also payments from Insurance third-party insurance that far exceed any of those costs and cover things that aren't even related to those costs because we don't think Congress intended Medicaid eligible patients with third-party coverage to be part of this calculation. Well, they're their purpose is at war with the statute Congress was very clear and intentional in saying the calculation includes Medicaid eligible patients that have third-party Coverage, that's why it's Medicaid eligible not receiving Medicaid benefits and Congress Had good reasons for doing that First of all Congress made the determination That all patients with Medicaid eligibility and specifically children with serious conditions which Congress independently made a policy choice about To provide these very sick children with Medicaid eligibility without regard to their parents resources or third-party coverage That's a policy choice that Congress made and Congress wanted the dish payment to provide Financial support specifically to hospitals that serve a disproportionate share of Medicaid eligible patients and low-income patients. And in fact, let me take a moment your honors and just remind you that The main policy point I think the government has They stated in a couple of ways what sometimes they refer to it as double counting Well, there's no double counting with regard to Medicaid. These services were never built to Medicaid. What happens is They're included in the costs for determining the cap on the dish payment And so there are some additional payments that can be received because these hospitals provide these services But that's exactly what Congress intended. It's not a problem that needs to be fixed. It's a feature of the program If there is third-party coverage or payment from a third party Is there not the possibility of not double dipping but double receiving in any event? No, your honor and in fact again, let me just remind you that if you look at the definition of Dish hospitals that contain it's provided for in subsection B of the statute and this is on pages 12 and 13 of the I'm sorry, I thought I was Your your question had to do with whether there is third-party payment and it isn't deductible under the Secretary's netting plan. Why isn't there the possibility of double payment for the same? Well, well, it's not double payment. This is my point your honor because you those payments are those expenses are never billed To Medicaid so Medicaid has never paid for them There there is private insurance that covers those services, but Congress intended This is my point Congress intended the dish program to provide a supplemental payment not based on specific services that are provided But based on the identity of the patient population that hospitals serve and this is why I was referring Your honors to subsection B, which defines the dish there are two ways Congress says you become eligible for this supplemental payment as a hospital and you're entitled to Some additional funds and one and this is subsection B1a and it's on page 13 again of the addendum says a hospital's Medicaid Inpatient utilization rate is at least one standard deviation above the average for that state That's Medicaid eligibility. So if you have if you serve a larger portion of Medicaid eligible patients, you're entitled to this payment B is For hospitals that have a low income utilization rate that's higher and it's at least 25% so Congress was obviously focused on patients, excuse me hospitals that serve a disproportionate share of Just low-income patients. I understand that but I'm still left with the question what happens to I Guess you guys are to me some of the Medicaid eligible is against Medicaid receiving Medicaid eligible patient who? Has coverage third-party coverage What happens to the cost attributable to that? Okay, so in the first instance Medicaid is never billed for those costs. So they're not they're not within the Medicaid payment program That's the direct payment for services But Congress said in addition to the payments that states have to include for specific services We have this disproportionate share supplemental payment that's required and those services are relevant and are important to be included in Calculation and we know that because again Congress based it on Medicaid eligible patients which include Medicaid patients that have private insurance And so what I'm trying to understand is The dollar figures that are covered by the third party. Are they also included in the cost calculation? Under your yes, your honor. Are they also included? Good Even in the cost calculation. They are purchased this statute. So isn't that a double payment situation? It's not I don't think it's it I don't think it's a double payment in ways that that can imply that Medicaid is somehow paying twice No, no, it is the same expenses being paid twice. No, your honor by the private carrier third-party payers and what's back this? supplemental payment Right, so I think that what I'm resisting your honor is the notion that this supplemental payment is Is a payment for specific services. It's a payment. It's a stabilization So I don't think it reimburses That as far as how to calculate can work. That's a fact No Absolutely They're included and the reason why is because Congress specifically said base it on all Medicaid eligible patients now The problem with thinking that that's that that that fact Undermines this program that Congress created is that you have to reconcile that with the way Congress to find dish hospital dish hospitals, excuse me in subsection B and and Congress provided in B1b for low-income hospitals hospitals to serve a disproportionate share of low-income patients to receive these supplemental payments But then apart from that it says if you serve a disproportionate share of Medicaid eligible again Not receipt of benefits. So that includes costs for services that are third party Coverage situations. There's not many of those by the way It's a small subset and we'll get to that in a moment But that is what Congress intended why because Congress wants hospitals to run to these patient Categories run towards them instead of run away from them and judge Rogers I think this gets to some of the questions you were asking about hospitals that refuse to provide services or find opportunities to decline services to People that are Medicaid eligible or uninsured or otherwise indigent and if you look at the legislative history, for example For these provisions the 1987 house report I think explains how this works Our hospitals do not turn away those patients and they have additional restrictions that preclude them from doing so and Congress Recognized that it said the purpose of these supplemental payments was to assure that These the payment rates that the states have discretion to pay it lower than Medicaid costs That they meet the needs of those facilities Which because they are they do not discriminate in admission against patients based on source of payment or ability to pay Serve a large number of Medicaid eligible and uninsured patients who other providers view as financially undesirable And it's simply not true that that our hospitals are in some privileged financial position They lose money on on the Medicaid patients that they serve They are never fully never fully recovered their costs and because Congress intended Children's hospitals specifically to be included in this dish payment system They serve all covers they incur tremendous expenses providing state-of-the-art care in NICU units In cutting-edge research and in training of future pediatricians that are never fully recovered through the Medicaid program or otherwise And they are exactly the types of hospitals Congress wanted to receive the supplemental payment. These hospitals are the highest Proportion have the highest proportion of Medicaid eligible patients in their states and as the record shows The they rely very significantly on these dish payments and without them They will be in serious financial trouble some more than others to be sure But they will be faced with the prospect of cutting back services especially those kinds of services Congress wanted to make sure were sustainable for social services and other kinds of Services that are inherent in serving a big large portion of Medicaid eligible patients Your honor. I will also just point out That there's a lot of rhetoric about what Congress intended here with regard to The concept of costs incurred and that somehow cost incurred refers to the entire Formula or the end result of the formula and I think it's important to note That the secretary's own Regulation doesn't treat it that way. In fact, if you look at addendum 5 of their brief, you will see that the regulation specifically refers to the total annual costs incurred By each hospital for furnishing inpatient hospitals and outpatient hospital services to Medicaid eligible individuals they start the same place we do gross costs total costs and then They back out In a separate part of the analysis not as part of defining costs But in subsection 11 of their regulation they say, you know take this section that defines all of the Medicaid payments and subtract it from this section that Defines costs and allows us to back out private insurance and then they once they determine costs in that way Then they according this regulation in paragraph 11, then they back out Medicaid payments So it's not even it's not even the case that they treat the payments the same as cost They only do that for private insurance payments There's no justification in the statute that gives them authority to do that. And in fact doing so significantly undermines In fact, it's inconsistent with the express terms of the statute with Congress's policies Which were to provide supplemental payments to these hospitals that are in dire need of them Without regard to whether they also receive funds from private insurance Do you read 12 subsection 12 on that page to be the Implementation of the second sentence of g1a. Yes, Your Honor, and that only deals with the uninsured portion And with regard let me just make this point to if I may I know I'm out of time Judge Rogers you were asking about the practice before the Change in position by the government which they pretend is not a change Which of course is just grounds for including it's arbitrary and capricious if you ever get there if you look at the 1990, excuse me, the 1994 guidance that's provided in You can find it in JA 515. It provides a formula that's very clear and the only thing that's backed out is Medicaid payments with regard to the Medicaid portion of Of the dish calculation keep in mind. These are this is only the cap The entitlement to the payment comes in another section a which has not changed The the definition of dish hospitals comes in B. That's not changed and the floor that's required The minimum payment that's required that hasn't changed that's still there that's in subsection C and Then states have discretion between the floor and the ceiling to determine all kinds of factors in Deciding how to dole out this money and what the secretary's done is it's crashed the ceiling Onto the floor with regard to patients, excuse me with regard to hospitals like children's hospitals in particular That serve a disproportionate share of Medicaid eligible patients and direct conflict with the statute All right, why don't you take a couple minutes Two main points judge Santella you're correct that there are double payments here plaintiffs want to count all of the costs of treating these patients and Ignore the compensation by third-party insurers I think council suggested that the government's excluding these patients from the calculation entirely and that's absolutely not correct The calculation considers all patients who are Medicaid eligible Both sides agree that the costs of treating these patients should be included We depart where plaintiffs argue that you should ignore the third-party payments for those patients in a calculation of uncompensated Costs the final rule provides that if you count the costs of these patients you should also count the compensation that reimburses the hospitals for those patients if the Statute Doing that or is the rule doing that and if it's the rule doing it Isn't the question coming back to does the state you permit the secretary to make this? It's this I'm sorry, could you repeat that? The is it the rule doing that or is it the right the statute is providing that all Medicaid eligible patients must be considered That's set for it. It does not say that you should back out the third-party payments It does not specifically address that no it provides that the secretary has authority to determine the meaning of costs incurred and as we've said The Medicaid payments certainly not the only type of compensation that should be accounted for in a calculation of uncompensated costs The only one that Congress is the only one Congress specifically Required to be deducted and judge Rogers if I was unclear at all, let me be perfectly clear that These dish payments as I think council acknowledged are all about trying incentivizing hospitals to treat uninsured patients and Medicaid patients that's the purpose of the program and the final rule is attempting to ensure That the limited pool of funds are going to the hospitals that need the most that actually have Uncompensated costs and that ship so that hospitals who have uncompensated costs can Can be assisted in the cost of treating those patients? We have the court to reverse, thank you
judges: Henderson, Rogers, Sentelle